UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-2(c)

TEICH GROH
691 State Highway 33
Trenton, New Jersey 08619
Phone: 609-890-1500
Attorney for
Barry W. Frost, Esquire
Kyle Eingorn, Esquire

In Re:

ADVENT PHARMACEUTICALS, INC.,

Debtor.

ADVENT PHARMACEUTICALS, INC.,

Plaintiff,

v.

UPS CAPITAL BUSINESS CREDIT and PLD Acquisitions, LLC, d/b/a Avema Pharma Solutions,

Defendant(s).

Case No.: 11- 25437(KCF)

Chapter 11

Judge Kathryn C. Ferguson, U.S.B.J.

Adv. No.

## ADVERSARY COMPLAINT

Debtor, Advent Pharmaceuticals, Inc. (hereinafter referred to as "Advent" or "Plaintiff") by way of complaint against defendants, UPS Capital Business Credit ("UPS") and PLD Acquisitions, LLC, d/b/a Avema Pharma Solutions ("Avema") says:

## JURISDICTION

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §157(a), F.R.B.P. §7001, and 28 U.S.C. §1334.

2. This adversary proceeding is a core proceeding and related to the bankruptcy pursuant to 28 U.S.C. §157(b)(2)(E), (O) and (c).

3. If any part of this adversary proceeding is found to be non-core, the Plaintiff consents to the entry of final orders and judgments by this Court, pursuant to Federal Rules of Bankruptcy Procedure 2008.

4. Pursuant to 11 U.S.C. §1107, the Plaintiff has standing to bring the within claims against the Defendants.

## BACKGROUND

5. The Plaintiff, Advent Pharmaceuticals, is a corporation with its place of business located at 55 Lake Drive, East Brunswick, New Jersey.

6. Defendant, UPS is a lien creditor in the related Bankruptcy Case with its principal place of business located at 35 Glenlake Parkway, NE, Atlanta, Georgia 30328.

7. Defendant, PLD Acquisitions, LLC ("PLD") is the parent company of Avema Pharma Solutions, the alleged buyer of Plaintiff's assets and it maintains a principal place of business at 200 Hicks Street, Westbury, New York, 11590.

8. Defendant Avema is the alleged buyer of Plaintiff's assets from UPS with its principal place of business located at 10400 NW 29th Terrace, Miami, FL 33172.

9. Advent entered into multiple loan agreements with First International Bank which were secured by various properties including but not limited to real property and "general intangibles."

10. UPS became the successor in interest to the Advent loans.

11. Upon default UPS made attempts to sell some of Advent's collateral.

12. UPS allegedly sold ANDA # 076460 ("ANDA"), which is an FDA license to manufacture generic Ibuprofen medicine tablets that is owned by Advent.

13. UPS was never the owner of the ANDA and has transferred rights to property it never owned.

14. The Food and Drug Administration has made a determination that the alleged sale of the ANDA was ineffective and has changed the Orange Book to reflect same.

15. Furthermore, prior to the default, Advent was in negotiation with Avema to sell the ANDA; the negotiations were subject to a confidentiality agreement.

16. The alleged sale of the ANDA by UPS to Avema was by a contract that is substantially similar to the contract that was being negotiated between Avema and Advent.

17. The alleged sale of the ANDA by UPS to Avema was also during a period of negotiation between Advent and Avema.

18. During negotiation, Avema and PLD were allowed to inspect the manufacturing facility as they were also interested in possibly purchasing the facility and machinery.

19. Upon information and belief, PLD and/or Avema have manufactured the contents of the ANDA using Plaintiff's specifically developed confidential manufacturing process without securing consent to use the process or the documentation to illustrate that process.

## COUNT ONE
### Declaratory Judgment Declaring Alleged Sale Invalid

20. Advent repeats all allegations of paragraphs 1 through 12 as if set forth in full herein.

21. UPS has asserted rights to the ANDA property to which it does not own.

22. UPS has attempted to transfer the ANDA to AVEMA in violation of prevailing law.

23. AVEMA has attempted to take possession of property to which it had actual knowledge of the actual owner and to which it had no right to take.

WHEREFORE, Advent demands judgment against UPS and Avema, thereby declaring the alleged sale of the ANDA to be ineffective, plus attorney's fees, costs and any other relief the Court deems just and equitable.

## COUNT TWO
### Breach of Confidentiality Agreement

24. Advent repeats all allegations of paragraphs 1 through 16 as if set forth in full herein.

25. Avema breached the confidentiality agreement while negotiating with Advent by discussing and executing an alleged sale of the ANDA while bound by the agreement.

WHEREFORE, Advent demands judgment against Avema, thereby declaring the alleged sale of the ANDA to be ineffective, plus damages, attorney's fees and costs.

## COUNT THREE
### Tortuous Interference

26. Advent repeats all allegations of paragraphs 1 through 18 as if set forth in full herein.

27. UPS tortuously interfered with Advent's contractual relationship or prospective economic advantage with Avema by inducing Avema to breach the Confidentiality Agreement thereby causing Advent substantial damages.

WHEREFORE, Advent demands judgment against UPS, thereby declaring the alleged sale of the ANDA to be ineffective, plus damages, attorney's fees and costs.

## COUNT FOUR
### Trade Secret Misappropriation

28. Advent repeats all allegations of paragraphs 1 through 23 as if set forth in full herein.

29. PLD and/or Avema has misappropriated a trade secret by using the Plaintiff's manufacturing process which has been acquired by improper means causing Plaintiff substantial damages

WHEREFORE, Advent demands judgment against PLD Acquisitions, LLC, d/b/a Avema Pharma Solutions, declaring that PLD and Avema have misappropriated Plaintiff's trade secret, an injunction stopping the use of Plaintiff's confidential manufacturing process, damages related thereto, attorney's fees, costs and other relief that the Court deems equitable and just.

                                        TEICH GROH
                                        Attorneys for Advent Pharmaceuticals, Inc.

                                        *s/Barry W. Frost, Esq.*
                                        Barry W. Frost, Esq.

Dated: August 19, 2011