UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-2(c)

TEICH GROH
691 State Highway 33
Trenton, New Jersey 08619
Phone: 609-890-1500
Attorney for Debtor
Barry W. Frost, Esquire
Kyle Eingorn, Esquire

| In Re: | Case No.: 11-25437-KCF |
|---|---|
| ADVENT PHARMACEUTICALS, INC., | Hearing Date: October 3, 2011 |
| Debtor(s) | Judge: Kathryn C. Ferguson, U.S.B.J. |
| | Chapter 11 |

ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULE 6004: (A) AUTHORIZING AND APPROVING ASSET PURCHASE AGREEMENT; (B)
AUTHORIZING THE SALE OF THE PURCHASED ASSETS TO PURCHASER FREE AND
CLEAR OF ALL INTERESTS, LIENS, AND CLAIMS; (C) AUTHORIZING THE DEBTOR TO
CONSUMATE ALL TRANSACTIONS RELATED TO THE ABOVE; AND (D) GRANTING
OTHER RELATED RELIEF

The relief set forth on the following pages numbered two (2) through four
(4) is hereby **ORDERED**.

RE:          **Advent Pharmaceuticals, Inc.**
CASE NO.:    **11-25437-KCF**
CAPTION:     **Order pursuant to section 363 of the bankruptcy code and bankruptcy rule 6004: (a)
             authorizing and approving asset purchase agreement; (b) authorizing the sale of the purchased
             assets to purchaser free and clear of all interests, liens, and claims; (c) authorizing the debtor to
             consummate all transactions related to the above; and (d) granting other related relief.**

It appearing that Advent Pharmaceuticals, Inc. having filed a Motion for the entry of an order pursuant to section 363 of the bankruptcy code and bankruptcy rule 6004: (a) authorizing and approving asset purchase agreement; (b) authorizing the sale of the purchased assets to Purchaser free and clear of all interests, liens, and claims; (c) authorizing the Debtor to consummate all transactions related to the above; and (d) granting other related relief; and

The Debtor having properly marketed and located an appropriate buyer for the Carisprodol 350 mg ANDA asset and the Ibuprofen 200 mg ANDA (collectively the "Asset") in BioComp Pharma, Inc. ("Purchaser"); and

The Purchaser having entered into two Asset Purchase Agreements (collectively the "APA") with the Debtor wherein they have agreed to purchase the Carisprodol 350 mg ANDA asset for $150,000.00 and the Ibuprofen 200 mg ANDA for $750,000.00 subject to the terms of the Asset Purchase Agreement; and

Good and sufficient cause appearing:

IT IS HEREBY ORDERED AS FOLLOWS:

1.      The court has jurisdiction to consider and grant the relief set forth in the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 11 U.S.C. 157(b)(2)(A) and (N)

2.      That proper and timely notice of the Motion Approving the Sale has been provided in accordance with the rules of the court;

3.      The Debtor has adequately marketed the Asset;

4.      That the APA has been duly and validly authorized by all necessary corporate action of the Debtor. Upon entry of this Order, the Debtor has all the corporate power and authority necessary to consummate the Transaction;

5.      The APA reflects the exercise of the Debtor's sound business judgment;

6.      Approval of the APA is in the best interest of the Debtor, the Estate, its creditors and all other interested parties;

7.      The Debtor has demonstrated good and sufficient business purpose and justification for entering into the APA;

RE:              **Advent Pharmaceuticals, Inc.**
CASE NO.:        **11-25437-KCF**
CAPTION:         **Order pursuant to section 363 of the bankruptcy code and bankruptcy rule 6004: (a)
                 authorizing and approving asset purchase agreement; (b) authorizing the sale of the purchased
                 assets to purchaser free and clear of all interests, liens, and claims; (c) authorizing the debtor to
                 consummate all transactions related to the above; and (d) granting other related relief.**

8. The Purchaser has acted in good faith within the meaning of section 363(m) of the Bankruptcy
   Code and is entitled to the protections thereunder because:

   a. The purchaser is unrelated to the Debtor

   b. Purchaser, the Debtor, and the other parties and their respective counsel engaged in good
      faith, arm's length negotiations in arriving at the APA;

   c. Neither the Purchaser nor the Debtor has engaged in any conduct that would cause the
      transaction contemplated by the APA to be avoided as contemplated in Section 363(n) of
      the Bankruptcy Code; and

   d. In the absence of a stay pending appeal, Purchased will be acting in good faith within the
      meaning of 363(m) of the Bankruptcy Code in closing the sale as contemplated by the
      APA, at any time after the entry of this Order, and accordingly, such closing in the face of
      an appeal will not deprive the Purchaser of its status as a good faith purchaser;

9. That the motion as it relates to the APA is GRANTED;

10. Upon entry of this order the APA shall be a legal, valid, and binding agreement of and upon the
    Debtor;

11. Pursuant to Section 363(b) of the Bankruptcy Code, the Debtor is hereby authorized, directed and
    empowered to fully perform under, consummate and implement the APA, and to execute all
    additional instruments and documents that may be necessary, desirable, appropriate, or required
    by law to implement the APA and the Debtor is authorized to take all further actions as may be
    reasonably required by Purchaser for the purpose of assigning, transferring, granting, conveying
    and conferring to Purchaser or reducing to possession the Asset;

12. Pursuant to Section 363(f) of the Bankruptcy Code, upon the Closing and the absolute and
    unconditional payment of the Purchase Price to the Debtor, the sale of the Asset to Purchaser will
    be legal, valid and an effective transfer of the Asset to Purchaser and vest Purchaser with the title
    to the Asset free and clear of all interests in the Asset of persons or entities other than the Debtor,
    all Liens and Claims of any kind and nature, whether imposed by agreement, understanding,
    law, equity or otherwise, which arise on or prior to the Closing;

| | |
|---|---|
| RE: | **Advent Pharmaceuticals, Inc.** |
| CASE NO.: | **11-25437-KCF** |
| CAPTION: | **Order pursuant to section 363 of the bankruptcy code and bankruptcy rule 6004: (a) authorizing and approving asset purchase agreement; (b) authorizing the sale of the purchased assets to purchaser free and clear of all interests, liens, and claims; (c) authorizing the debtor to consummate all transactions related to the above; and (d) granting other related relief.** |

13. As of Closing, all persons and entities holding interests, liens and/or claims, and their respective successors and assigns, are hereby forever barred, estopped and permanently enjoined from asserted, prosecuting or otherwise pursuing such interests, lines and claims of any kind and nature against the Purchaser, its successors or assigns, of the Asset.

14. As of Closing, Purchaser shall not have any liability arising from or under, relating to, or in connection with interests, claims, or lines, whether known or unknown, contingent or otherwise, existing as of the date of hereof or hereafter arising;

15. Purchaser shall not assume or be liable for or have any responsibility for or otherwise become obligated in respect of any obligations or liabilities of the Debtor or which otherwise relate to the Asset, whether direct or indirect, actual, contingent or mature, now existing or hereinafter arising, including taxes that may have been due from the Debtor, or which may have become due from the Debtor as a result of the Transaction;

16. Without limiting any other provision of this order, neither Purchaser nor the Asset shall be responsible, obligated or liable in any way for any taxes (whether federal, local, or state) due and payable by the Seller or which may at any time become due and payable by the Seller. Purchaser shall acquire the Asset at closing free and clear of any liens or claims relating to such taxes;

17. This Order: (a) is and shall be effective as a determination that all liens existing as to the Asset prior to the closing have been unconditionally released, discharged and terminated as to the Asset and the Purchaser (as well as successors and assigns) as of the Closing, and that the conveyance of the Asset described herein has been effected; (b) is and shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in any or to the Asset;

| | |
|---|---|
| **RE:** | **Advent Pharmaceuticals, Inc.** |
| **CASE NO.:** | **11-25437-KCF** |
| **CAPTION:** | **Order pursuant to section 363 of the bankruptcy code and bankruptcy rule 6004: (a) authorizing and approving asset purchase agreement; (b) authorizing the sale of the purchased assets to purchaser free and clear of all interests, liens, and claims; (c) authorizing the debtor to consummate all transactions related to the above; and (d) granting other related relief.** |

18. Each and every federal, state and local government agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the Transaction contemplated in the APA;

19. This Court shall retain exclusive jurisdiction over this transaction; and

20. To the extent there are any inconsistencies between provision of this Order and the APA or any documents executed in connection with the Transaction or its proper execution, the provisions contained in this Order shall govern.