UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-2(c)

TEICH GROH
691 State Highway 33
Trenton, New Jersey 08619
Phone: 609-890-1500
Attorney for Debtor
Barry W. Frost, Esquire
Kyle Eingorn, Esquire

In Re:

ADVENT PHARMACEUTICALS, INC.,

Debtor(s)

Case No.: 11-25437-KCF

Judge: Kathryn C. Ferguson, U.S.B.J.

Chapter 11

## APPLICATION IN SUPPORT OF DEBTOR'S MOTION TO EXTEND THE EXCLUSIVITY PERIOD

Debtor, Advent Pharmaceuticals, Inc. (the "Debtor"), by and through its undersigned attorneys, does hereby submit the following Application in support of its Motion to Extend the Period in which the Debtor has the exclusive right to file a Chapter 11 plan of reorganization. Debtor believes that due to the complex nature of the Pharmaceutical industry, state of the debtor and the progress made towards the formulation of a reorganization plan, that an extension of the exclusive time to file a Chapter 11 plan is warranted.

### BACKGROUND

1. On May 18, 2011 the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey.

2. The Debtor continues to manage its assets as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No creditors' committee or trustee has been appointed in this case.

3. By way of brief history, the Debtor is a pharmaceutical manufacturer which owns substantial real and personal property of which most of the personalty is machinery that is regulated by the Food and Drug Administration.

4. The Debtor is attempting to reorganize as best as possible by selling assets so that it may pay back creditors.

5. The Debtor is affiliated with another debtor, TheraGen, Inc. ("Theragen"). The two debtors' properties are cross-collateralized and TheraGen is indebted to the Debtor.

6. Debtor is relying partly on TheraGen's reorganization to pay back its creditors.

7. Due to the complex nature of the products it sells and the highly regulated nature of the assets it seeks to sell, it has been challenging to formulate a Chapter 11 plan of reorganization, without first taking the steps to sell property and waiting for TheraGen to reopen its business.

8. Pursuant to subsections 1121(a) and (b) of the Bankruptcy Code, and Rule 9006(a) of the Federal Rules of Bankruptcy Procedure, the Debtor's initial 120-day exclusive period to file a plan of reorganization expires on September 15, 2011 (the "Initial Deadline").

## RELIEF REQUESTED AND REASONS THEREFORE

9. By this Motion, and pursuant to section 1121(d) of the Bankruptcy Code, the Debtor seeks the entry of an order extending the time periods under section 1121 of the Bankruptcy Code during which the Debtor may file a chapter 11 plan, without prejudice to the Debtor's right to seek additional and further extensions of these periods as may be appropriate under the circumstances then prevailing. The requested extensions are realistic and necessary given the multiple tasks to be completed and issues to be resolved before a confirmable chapter 11 plan can be proposed and negotiated. Accordingly, in order to sell the required assets and obtain the

requisite financing, which will affect the terms of the Chapter 11 plan, by this motion the Debtor seeks and additional (90) day extension of its exclusivity period.

10. Cause exists for extending the Debtor's exclusive period to propose a plan of reorganization. Pursuant to 11 U.S.C. § 1121(d)(1) and (2), this Court may, for cause, increase the debtor's 120-day plan exclusivity period – with the proviso that the 120-day period may not be extended beyond a date that is eighteen (18) months after the petition date. 11 U.S.C. § 1121(d)(1) and (2). If granted, the Debtor's request for an additional ninety (90) day extension of the exclusivity period will enlarge that period to fewer than eight (8) months beyond the Petition Date.

11. "The hallmark of.... section [1121(d)] is flexibility." *In re Perkins,* 71 B.R. 294, 297 (W.D. Tenn. 1987). Congress intended that the exclusive periods be of adequate length for a debtor to formulate, negotiate, and draft a consensual plan and solicit acceptances thereof. As reflected in the legislative history of section 1121 of the Bankruptcy Code, section 1121(d) "allows the flexibility for individual cases" to extend the exclusive periods to allow the debtor to reach an agreement. H.R. Rep. No. 95—595, at 232 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6191; *see In re Newark Airport/Hotel L.P.,* 156 B.R. 444, 451 (Bankr. D.N.J. 1993); *In re Pub. Serv. Co. of N.H.,* 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("the legislative intent. . . [is] to promote maximum flexibility").

12. In reviewing the "for cause" condition, courts look at factors such as the: (a) size and complexity of the case; (b) necessity of sufficient time to negotiate and prepare adequate information for a plan; (c) existence of good faith progress; (d) whether the debtor is paying its debts as they mature; (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (f) whether the debtor has made progress negotiating with creditors; (g) length of

time a case has been pending; (h) whether the debtor is seeking an extension to pressure creditors; and (i) whether unresolved contingencies exist. *In re Central Jersey Airport Services*, 282 B.R. 176, 184 (Bankr. D. N.J. 2002) (citing *In re Service Merchandise Co.*, 246 B.R. 744, 751 (Bankr. M.D. Tenn. 2000)).

13. In the instant case, the Debtor is seeking to further extend the exclusive period for various reasons that establish good cause.

14. First, the Debtor's case involves complex business transactions in that the assets set to be sold are highly specialized and locating buyers is very challenging. Debtor has found such a buyer and has a motion pending to approve same. [Dkt. No. 80]

15. Secondly, as the Debtor is relying partly on TheraGen's indebtedness to repay creditors, it must wait until TheraGen has begun operating that way it can be in a better position to propose and confirm a successful plan of reorganization. Therefore, extension of the exclusivity period is justified.

16. Although, the Debtor anticipates that its plan of reorganization will be successful in repaying debts, it is imperative that the Debtor be given enough time to diligently carry out each necessary step in its reorganization.

17. Lastly, although the Debtor anticipates offering a proposed of plan of reorganization soon, the Debtor makes this first request for an extension of the exclusivity period in order ensure that it has adequate time to properly address all the issues regarding the ability to reopen its business.

18. The Debtor believes that the requested extension of its exclusivity period is warranted and appropriate under the circumstances, particularly in light of the fact that this is the Debtor's initial request. Moreover, this case has been only been pending for a just under four (4) months,

and the Debtor has accomplished much in that time; specifically, as noted above, negotiating a DIP loan facility, locating buyers for assets, locating an investment banker to find further financing, and locating customers willing to place purchase orders.

19. The Debtor submits that the requested extension is realistic and necessary, will not prejudice the legitimate interests of creditors and other parties in interest, and will afford them a meaningful opportunity to pursue a feasible plan of reorganization, all as contemplated by chapter 11 of the Bankruptcy Code. Thus, adequate cause exists for this Court to grant this Motion.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order (i) extending for an additional ninety (90) days, the time period in which the Debtor has the exclusive right to file a plan of reorganization, and (ii) granting such other relief as this Court deems just and equitable.

Respectfully Submitted:
TEICH GROH
Attorneys for the Debtor

Dated: September 14, 2011        By: _____
                                      Barry W. Frost