| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>TEICH GROH<br>691 State Highway 33<br>Trenton, New Jersey 08619<br>Phone: 609-890-1500<br>Attorney for Debtor<br>Barry W. Frost, Esquire<br>Kyle Eingorn, Esquire | |
| In Re:<br><br>ADVENT PHARMACEUTICALS, INC.,<br><br>Debtor(s) | Case No.: 11-25437-KCF<br><br>Hearing Date: October 3, 2011<br><br>Judge: Kathryn C. Ferguson, U.S.B.J.<br><br>Chapter 11 |

## DEBTOR'S BRIEF IN REPLY TO OBJECTIONS AND OPPOSITIONS TO DEBTOR'S MOTION TO SELL ASSETS PURSUANT TO §363

Debtor, Advent Pharmaceuticals, Inc. ("Advent"), by and through its undersigned attorneys does hereby submit the following brief in reply to UPS Capital Business Credit ("UPS"), The United States Trustee (the "Trustee"), and PLD Acquisitions, LLC's ("PLD") Oppositions to Debtor's Motion to Sell Assets pursuant to 11 U.S.C. §363.

The Debtor would first like to address an assertion made by PLD that Advent's principal; Bharat Patel consented and participated in the sale of the Ibuprofen ANDAs. This assertion is false and as presented by PLD it is hearsay and unsupported by any documentary evidence. Therefore, the Court should ignore this assertion as it is both untrue and highly prejudicial.

Furthermore, the alleged sale from UPS to PLD should be determined to be invalid so that the Debtor can consummate the sale currently before the court. UPS's objections as discussed below are misplaced and the sale should be approved. Moreover, the Trustee has again relied upon the same stock objections it always relies upon in the same stock format, however, as shown below and in the original supporting certification this sale is in good faith and for fair value and therefore should be approved. The

Trustee has also requested a business plan to show how the money will be used by the debtor, that plan is attached to the Certification of Bharat Patel as Exhibit B and is incorporated herein by reference.

## I. DEBTOR STILL OWNS THE IBUPROFEN ANDA AND UPS HAS FAILED TO ESTABLISH OWNERSHIP.

Advent is still the rightful owner of the Ibuprofen ANDAs as it has never relinquished possession or consented to a sale of the ANDAs. Pursuant to 21 C.F.R. 312.72, "an applicant may transfer ownership of its application." An applicant pursuant to the Code of Federal Regulations includes: "any person who submits an application or abbreviated application or an amendment or supplement to them under this part ... and any person who owns an approved application or abbreviated application." 21 C.F.R. 314.3(b). The above regulation specifically mentions an applicant or an owner of the application and it specifically fails to include, mention or provide for lien holders, secured interest holders, or anyone outside of the applicant or owner. It is worth reiterating that the applicable regulations, 21 C.F.R. 314.3 and 72 make no specific provisions for the transfer of an ANDA by anyone other than the applicant or the owner. The words of the statute are unambiguous and should not be interpreted to include any additional parties. Furthermore, "courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then this first canon is also the last: judicial inquiry is complete." In re Philadelphia Newspapers, LLC, 599 F.3d 298, 304 (3d Cir. 2010), as amended (May 7, 2010) (quoting Conn. Nat'l Bank v. Germain, 503 U.S. 249, 253-54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992)). Therefore, clearly UPS had no right to transfer "ownership" of the Ibuprofen ANDAs because it never was the actual owner of them.

Although UPS attempts to support the position that it had a right to transfer the ANDAs by making an attenuated argument based upon the language of the Uniform Commercial Code, it

never addresses the issue of whether it actually obtained ownership of those assets so that it may comply with the applicable regulations. As seen above, it is clear that only an owner or applicant can transfer rights to an ANDA, however UPS has not demonstrated with any competent evidence that it was the owner of the ANDAs upon the transfer. Attached to UPS' brief there are no letters, receipts, bills of sale, or any other document which would prove that UPS was granted ownership of the ANDAs nor that it had taken action to force the transfer of the ANDA to UPS prior to the alleged sale to PLD.

Furthermore, to fully consummate a sale of an ANDA, the seller must transfer to the buyer all of the complex documentation that sets forth the approved manufacturing techniques and other related information. This documentation is only available from the seller and constitutes hundreds to thousands of pages of paper. It is obvious that this sale was never actually consummated as PLD has not made a request or taken legal action to obtain those pertinent and necessary documents. Furthermore, PLD could not have manufactured the product which is the subject of the application unless it has improperly obtained the documents which remain in the Debtor's possession. Therefore, it appears that PLD has knowledge that the sale was improper or it would have taken the appropriate action to obtain the documents so that it could manufacture the products contained in the ANDAs. However, it has failed to take any such action and it appears that PLD is waiting for UPS to potentially foreclose upon the property in the hopes that it can swoop in and obtain those documents to "finish" its illegitimate sale.

Also, the Bill of Sale attached to the Certification of Evan Singer clearly states that it is, "on a 'as is,' and 'where is' basis without representations or warranties of any kind… without limitation…" Pursuant to the above language, UPS did not even warrant that they owned the ANDAs when they were allegedly sold to PLD and in fact that was necessary because UPS never

maintained an ownership interest in those assets. Therefore, without ownership UPS could not possibly transfer the ANDAs because it is in violation of the applicable Federal Regulation. Accordingly, the alleged sale was ineffective and the Debtor's motion should be granted.

Consequently, the alleged sale by UPS to PLD was invalid as UPS was never the owner of the ANDAs that it allegedly sold. Therefore, the Court should Grant Advent's motion to sell the ANDAs pursuant to 11 U.S.C. §363 and hold that the alleged transfer by UPS to PLD was invalid.

## II. THE COURT SHOULD GRANT THE MOTION TO SELL THE ANDAS AS PROPERTY THAT IS IN A BONA FIDE DISPUTE MAY BE SOLD PURSUANT TO 11 U.S.C. §363(f)(4).

The Court should grant the Debtor's motion to sell the ANDAs as there is a bond fide dispute as to the interest of UPS and PLD. Pursuant to 11 U.S.C. §363(f)(4): "[t]he trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if ... (4) such interest is in bona fide dispute." As the debtor-in-possession maintains the rights of Trustee pursuant to 11 U.S.C. §1107(a), the debtor in this case can exercise the right to sell free and clear of liens and interests. Furthermore,

> There is ample authority to support the Debtors' position. *See, e.g., In re Gulf States Steel, Inc.*, 285 B.R. 497, 507 (Bankr.N.D.Ala.2002) (holding that § 363(f)(4) allows sale of property subject to dispute "so that liquidation of the estate's assets need not be delayed while such disputes are being litigated"); *In re Collins*, 180 B.R. 447, 452 (Bankr.E.D.Va.1995) (holding that court need not resolve the dispute, just determine its existence); *In re Octagon Roofing*, 123 B.R. 583, 590 (Bankr.N.D.Ill.1991) (holding that there must be an objective basis for a legal or factual dispute).

In re DVI, Inc., 306 B.R. 496, 504 (Bankr. D. Del. 2004). A bona fide dispute exists where "there is an objective basis for either a factual or legal dispute as to the validity of the asserted interest." In Re Nj Affordable Homes Corp., 05-60442 (DHS), 2006 WL 2128624 (Wis. Lab. Ind. Rev. Com. June 29, 2006) (citing In re Taylor, 198 B.R. 142, 162 (Bankr.D.S.C.1996)). Moreover, "this standard does *not* require the Court to resolve the underlying dispute or

determine the probable outcome of the dispute prior to authorizing a sale pursuant to § 363(f)(4), but merely whether such a dispute exists." Id.

In this case, there is clearly a bona fide dispute as to the interests of UPS and PLD in the assets sought to be sold. Advent has raised a bona fide legal dispute as to the ownership rights in the assets of both UPS and PLD. It is clear that pursuant to 21 C.F.R. 314.3 and 314.72, that UPS was not the owner of the assets and attempted to sell them to PLD regardless of that fact. Therefore, a bona fide dispute has been raised as to the ownership of those assets. Furthermore, UPS in a footnote informs the court that the Orange Book has been changed to list Avema as the owner of the disputed ANDAs. Though no notice of the change or the methods used to effect that change has been presented herein or given to the Debtor, the constant change of the listing in the Orange Book clearly demonstrates that there is a bona fide dispute as to who owns the Ibuprofen ANDAs. Lastly, there is truly a bona fide dispute as an adversary proceeding has been brought against both UPS and PLD by the Debtor for various torts but mainly to quiet title to the allegedly sold ANDA assets[1]. Currently no Answers have yet been filed by the defendants in that action. Accordingly, the Court should grant the Debtor's motion to sell the ANDAs as allowed by Section 363(f)(4) where the property is subject to a bona fide dispute.

### III.  THE SALE OF THE ANDAS WOULD HAVE A MATERIAL BENEFIT FOR THE DEBTOR.

UPS in a last ditch effort to oppose the sale of the Ibuprofen ANDA assets, argues that sale being proposed before the court will have no material benefit to Advent. This argument is obviously misplaced as the proposed sale before the court is $100,000.00 greater than the alleged sale by UPS. Therefore, the Debtor's sale will act to reduce its debt to UPS by that additional amount regardless of whether or not UPS has applied the original proceeds of the alleged sale to

---

[1] That action has been commenced and has the following docket number: 11-2283-KCF.

the outstanding debt. It is troubling to the Debtor that UPS as secured lender with so much money at stake would oppose an opportunity to obtain more money without having to expend the energy to seek out that additional amount. It is clear that any amount applied to the UPS debt will help Advent reach the point that it can pay back its unsecured creditors. Therefore, UPS' argument is misplaced as the extra $100,000.00 will benefit the debtor and the creditors at large. Consequently, the Court should grant Advent's motion to sell assets pursuant to 11 U.S.C. §363.

### IV.    THE SALE OF THE ANDAS IS IN GOOD FAITH AND FOR FAIR VALUE.

The Court should grant Advent's motion to sell assets pursuant to 11 U.S.C. §363 as the sale is in good faith and for fair value. The Trustee is challenging whether the sale is for fair value as no appraisal been of the assets was attached to the moving papers and is challenging the marketing efforts made by the Debtor to sell the assets. At this time, the Debtor could not afford to obtain an appraisal for such assets as they are not highly sought after and incredibly challenging to appraise. The market for such assets is small and locating serious buyers is difficult. In this case, it is obvious that fair value is being paid by the Buyer as it is not only in line with the amount obtained by UPS only 6 months ago but was $100,000.00 higher than that offer. With assets such as ANDAs the only information which could be relied upon in an appraisal would be a comparable sale. In this case, UPS' alleged sale of the asset to PLD serves in itself as a comparable sale but is far better than an appraisal because it was an alleged sale of the exact asset. Therefore, as the price obtained by Advent for the ANDAs is higher than the comparable sale, it must be for fair value and the Trustee's objection should be overruled.

Moreover, the Debtor received an offer for the Carisoprodol ANDA from Fera Pharmaceuticals[2]. The offer was made by electronic communication on July 25, 2011 and was in

---

[2] That electronic communication is attached as exhibit A to the Certification of Bharat Patel which was field simultaneously herewith.

the amount of $125,000.00. That offer was close to that of what is being paid in this sale however it was not as good as it was $25,000.00 less than the value obtained herein. As the price being demanded in the open market is the best indicator of value, it is clear that the value received by the Debtor for the Carisoprodol ANDA is fair. Therefore, as the value being paid by the buyer is not only in line but higher than the market values of the assets, the agreements to sell the ANDAs should be approved by the Court.

Furthermore, the ANDA assets were adequately marketed by Mr. Patel as he had previously hired investment bankers to market the property with no success[3]. Furthermore, the pharmaceutical industry being very small, upon hearing of Advent's Chapter 11 Bankruptcy filing, multiple offers were made to purchase the ANDA assets all of which were lower than the one presently before the court. As most of the offers were verbal initial discussions they cannot be attached as evidence however, one such offer was made via electronic communication and that offer is attached as an exhibit to the Certification of Bharat Patel filed simultaneously herewith. Moreover, it is common practice in the industry that pharmaceutical companies monitor the Orange Book in search of potential assets to purchase. Offers were also made by companies which were monitoring the Orange Book such as how PLD initially contacted the Debtor for purchase of the Ibuprofen ANDAs. Therefore, up to this point, three sources were used in marketing the assets from which fair value was obtained.

## V.    CONCLUSION.

For the foregoing reasons, the Debtor respectfully requests that the Court grant its motion to sell the ANDA assets pursuant to 11 U.S.C. §363.

---

[3] A list of the investment bankers used to sell the assets is contained in the Certification of Bharat Patel which was field simultaneously herewith.

Respectfully Submitted,

TEICH GROH
Attorneys for the Debtor,
Advent Pharmaceuticals, Inc.

By: _____
Barry W. Frost, Esq.

Date: September 28, 2011